IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN L. HAGINS,       Plaintiff | : : : | CIVIL ACTION |
| v. | : : | |
| FRANK SPINA, II,       Defendant. | : : | NO. 07-1625 |

MEMORANDUM AND ORDER

GENE E.K. PRATTER, J.                                                                                                    JUNE 29, 2007

Sean Hagins, an inmate at the Federal Detention Center in Philadelphia, has filed suit, *pro se,* against Frank Spina, II, an attorney in private practice in Philadelphia. For the reasons stated herein, the Court will dismiss this matter pursuant to Federal Rule 12(b)(6).

Mr. Hagins disputes the fees charged by Mr. Spina in connection with his representation of the Plaintiff in a "criminal case." According to the Complaint, Mr. Hagins retained Mr. Spina for a sum of $5,000 and Mr. Spina "quit after his initial appearance in Court." Mr. Hagins seeks redress of the allegedly excessive fees pursuant to 42 U.S.C. § 1983. Specifically, due to the brevity and alleged incompleteness of Mr. Spina's services, Mr. Hagins has calculated that the fair price for the services is $1,000, and seeks the return of the difference.

In accordance with Rule 12(b)(6), the Court accepts as true all factual allegations in the Complaint and will dismiss the case only if it is certain that no relief can be granted under any set of facts which could be proved. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).

Mr. Hagins's claim is not cognizable pursuant to § 1983. Private defense counsel are not

state actors for the purpose of the statute.  Corliss v. O'Brien, 200 F'Appx. 80, 82 n. 1 (3d Cir. 2006).  Indeed, even if Mr. Spina were a public defender or a court appointed pool attorney he would not have acted under color of state law in performing the traditional functions as counsel to a defendant in a criminal proceeding.  Hayes v. Jersey, 2007 WL 38695, at *6 (D.N.J. Jan. 3, 2007) (citing Polk Co. v. Dodson, 454 U .S. 312, 325 (1981)); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972).  There is no other indication whatsoever that Mr. Spina was acting under color of state law.

Furthermore, even if the Court were to interpret Mr. Hagins's claim as sounding in Pennsylvania common law, e.g., breach of contract or tort, this Court does not have jurisdiction to consider the merits of such a claim because it fails to satisfy the minimum amount in controversy requirements of 28 U.S.C. § 1332, thus prohibiting the invocation of diversity jurisdiction.[1]

An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Hagins has not yet filed a response to Mr. Spina's Motion to Dismiss.  However, in an effort to hasten the resolution of this controversy – for which Mr. Hagins can obtain no relief in this Court under any set of facts –and so that Mr. Hagins may expeditiously seek relief in a forum aptly suited to resolution of this attorney fee dispute (such as the Philadelphia Bar Association's Fee Disputes Committee or the Disciplinary Board of the Supreme Court of Pennsylvania), the Court will rule on the merits of the present Motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN L. HAGINS,  :  | | |
|     Plaintiff  :  | | CIVIL ACTION |
|       :  | | |
| v.  :  | | |
|       :  | | |
| FRANK SPINA, II,  :  | | |
|     Defendant.  :  | | NO. 07-1625 |

**ORDER**

**AND NOW**, this 29th day of June 2007, upon consideration of the Complaint (Docket No. 3) and Defendant's Motion to Dismiss (Docket No. 4), **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

The Clerk of the Court is instructed to mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE